**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1096**

DUE FORNI LLC,

           Plaintiff – Appellant,

      v.

EURO RESTAURANT SOLUTIONS, INC., d/b/a Marra Forni; FRANCESCO
MARRA,

           Defendants – Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Paul W. Grimm, District Judge.  (8:13-cv-03861-PWG)

Submitted:  January 9, 2018                    Decided:  February 23, 2018

Before TRAXLER and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Reversed and remanded by unpublished per curiam opinion.

Daniel Marino, Tillman J. Finley, MARINO FINLEY PLLC, Washington, D.C., for
Appellant.  Levi S. Zaslow, Timothy F. Maloney, JOSEPH, GREENWALD & LAAKE,
PA, Greenbelt, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Due Forni, LLC appeals the dismissal of its breach of contract claim for lack of subject matter jurisdiction. We reverse and remand for further proceedings.

I

This case arises from the defendants' sale of specialized pizza ovens to Due Forni. Due Forni filed this case in the district court, asserting diversity jurisdiction under 28 U.S.C. § 1332 and causes of action for fraud in the inducement, fraud, breach of contract, and conversion. Due Forni alleged that the amount in controversy exceeds $75,000 and requested an award of actual and punitive damages.

The defendants moved to dismiss, arguing that federal subject matter jurisdiction is lacking because the amount in controversy does not exceed $75,000, and they included with the motion a document (the "Terms and Conditions") that purportedly limits Due Forni's contractual remedies to an amount below $75,000. Without responding directly to the dismissal motion, Due Forni filed an amended complaint, adding a new cause of action for unjust enrichment and specifying that it is seeking an award of compensatory damages of at least $250,000.

The defendants did not respond to the amended complaint, and Due Forni therefore moved for a default judgment. The defendants opposed the default motion, arguing that their previously filed motion to dismiss was applicable to both the original and amended complaints. Although the local rules of the district court permitted Due Forni an opportunity to file a reply to the defendants' response, the district court ruled on the pending motions without oral argument before Due Forni's reply was due.

In a written order, the district court first construed the defendants' motion to dismiss the original complaint as being a sufficient response to the amended complaint. Consequently, the court denied the default motion. Turning to the motion to dismiss, the court concluded, based on the Terms and Conditions, that Due Forni could not recover at least $75,000 on the contract claim. Accordingly, the court dismissed that claim for lack of subject matter jurisdiction. However, the court held that the Terms and Conditions did not affect the fraud claims, and after concluding that those claims met the amount in controversy requirement, the court denied the motion to dismiss those claims. The court also dismissed the conversion claim for failure to state a claim for relief, but it declined to address the unjust enrichment claim because the defendants did not move to dismiss it. Subsequently, the court granted summary judgment in the defendants' favor on the unjust enrichment claim, and a jury ruled in their favor on the fraud claims.

II

Except for the contract claim, all of Due Forni's claims have been resolved and are not before us. As to the contract claim, Due Forni contends that the district court erred by isolating it from the other claims and determining whether it, standing alone, satisfied the amount in controversy requirement. Having reviewed this matter de novo, s*ee Pornomo v. United States*, 814 F.3d 681, 687 (4th Cir. 2016), we agree with Due Forni.

In *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1204 (4th Cir. 1979), we held that "where a plaintiff joins several claims against a defendant, and one of them satisfies the jurisdictional amount requirement, jurisdiction is present for all counts, including those for which the amount in controversy is patently less than [the jurisdictional

3

amount].” A straightforward application of this holding compels reversal of the dismissal order. Regardless of whether the court properly concluded that the Terms and Conditions operate to limit Due Forni's potential contractual remedy to an amount below $75,000, an issue that we do not decide, the court's separate determination that the amount in controversy for the fraud claims exceeded $75,000 is sufficient to establish subject matter jurisdiction over all of the claims.

Accordingly, the district court erred in dismissing the contract claim for lack of subject matter jurisdiction. We therefore reverse the dismissal order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*REVERSED AND REMANDED*